UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| VICTOR D. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 14-CV-2012 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

On January 31, 2014, Petitioner Victor D. Jackson filed this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1, 2). The government filed its Response (#4) on March 3, 2014. Petitioner filed his Reply on April 14, 2014. For the following reasons, Petitioner's Motion (#1, 2) is DENIED.

## BACKGROUND

Petitioner was indicted on June 10, 2010, on three counts of distributing 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The first count was alleged to have occurred on April 23, 2010 (Petitioner was joined in this count by co-defendant Daniel J. Kelly). The second and third counts occurred on April 26 and April 28, 2010, respectively. Panel attorney Bruce G. Ratcliffe was appointed to represent Petitioner. On March 31, 2011, Kelly plead guilty to count one of the Indictment. On April 14, 2011, Petitioner was found guilty by a jury of counts one and two of the Indictment. A mistrial was declared on count three. On July 8, 2011, Petitioner was sentenced to 360 months in the Federal Bureau of Prisons (BOP) and Kelly was sentenced to 188 months in the BOP. The U.S. Seventh Circuit Court of Appeals affirmed Petitioner's conviction but vacated his sentence and remanded the case to this court for resentencing

in light of the U.S. Supreme Court's decision in *Dorsey v. United States*, 132 S.Ct. 2321 (2012). *United States v. Jackson*, 491 Fed.Appx. 738 (7th Cir. July 5, 2012). On January 29, 2013, Petitioner was resentenced to 200 months in the BOP.

*Petitioner's Motion under 28 U.S.C. § 2255*

Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1, 2) on January 31, 2014. Petitioner alleges, in general, that his trial counsel was ineffective. Petitioner makes three specific arguments regarding his counsel's ineffectiveness: (1) counsel was ineffective for failure to "negotiate or present a reasonable plea for consideration" and instead "moved the defendant toward trial and an unrealistic expectation of outcome"; (2) counsel was ineffective for failing to challenge his sentence, in that the sentence was based on the "elements" of the crime charged instead of being based solely on the "evidence" of the crime; and (3) counsel was ineffective for failing to cross examine and impeach key government witnesses and for failure to investigate and find witnesses who would support Petitioner's defense. The government filed its Response (#4) on March 3, 2014. The government argued that (1) Petitioner was well aware of the plea offer in this case and he rejected the offer; (2) it would have been unreasonable for counsel to object to the court's consideration of the factors set out in 18 U.S.C. § 3553(a) when sentencing Petitioner; and (3) Petitioner did not provide any proof of what witnesses counsel should have called and counsel engaged in a lengthy cross-examination and attempted to impeach Shannon Kizer, the government's main witness. Petitioner filed a Reply on April 14, 2014.

ANALYSIS

*Legal Standards Governing Ineffective Assistance of Counsel Claims Generally*

Petitioner's § 2255 claims are based on the Sixth Amendment to the United States

2

Constitution. The Seventh Circuit recently addressed the general legal standards governing habeas claims under the Sixth Amendment for ineffective assistance:

> "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997). The Sixth Amendment to the Constitution provides that '[i]n all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defence.' U.S. CONST. amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009) (citations omitted).
>
> A party asserting ineffective assistance of counsel bears the burden of establishing two elements: (1) that his trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).
>
> To satisfy the first element of the *Strickland* test, [the petitioner] must direct the court to specific acts or omissions by his counsel. *Wyatt*, 574 F.3d at 458 (citation omitted). In that context, the court considers whether in light of all the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The court's assessment of counsel's performance is

'highly deferential [,]... indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...' See *Strickland*, 466 U.S. at 689-90, 104 S.Ct. 2052; accord *Wyatt*, 574 F.3d at 458. Further, counsel's performance is to be evaluated in light of the discretion properly accorded an attorney to develop appropriate trial strategies according to the attorney's independent judgment, given the facts of the case, at least some of which may not be reflected in the trial record. See *Strickland*, 466 U.S. at 689-90, 104 S.Ct. 2052. Courts are admonished not to become 'Monday morning quarterback[s]' in evaluating counsel's performance. *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second *Strickland* element, [the petitioner] must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915 (citations omitted); *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). 'A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome.' *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052)." *Blake v. United States*, 723 F.3d 878-79 (7th Cir. 2013).

*Petitioner's First Ground: Ineffective Assistance for Failing to Present Petitioner with a Reasonable Plea Deal and Forcing Petitioner to Trial*

Petitioner argues that counsel failed to negotiate or introduce a plea option to him. Further, Petitioner accuses counsel of doing everything he could to discourage Petitioner from accepting a plea and instead forced Petitioner into proceeding to jury trial. Petitioner alleges that counsel never

advised a plea option as being more advantageous and that counsel never advised on the clear outcomes of a plea versus a jury trial. Counsel informed Petitioner that a plea would immediately disqualify him from any future remedies possibly available through *Dorsey* and that, either way, there would be no forthcoming relief for Petitioner from *Dorsey*. Petitioner claims he moved to jury trial on counsel's advice that: (1) Petitioner would not be eligible for any *Dorsey* reduction; and (2) Petitioner would only face a maximum sentence of 262 months. The government responds that Petitioner was well aware of the plea offer and, as shown in a letter to his counsel of June 17, 2013, rejected the plea offer in order to preserve certain appeal rights.

The United States Supreme Court has recognized that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Missouri v. Frye*, 132 S. Ct. 1399, 1406 (2012), *quoting Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). In *Frye*, the Supreme Court held that defense counsel therefore have a duty "to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408; *see also Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012) (noting that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it"); *United States v. Taylor*, 2013 WL 2470259, at *6 (N.D. Ind. 2013). However, a defendant does not have a right to be offered a plea, or to have a judge accept it. *Frye*, 132 S. Ct. at 1410; *Lafler*, 132 S. Ct. at 1387; *Taylor*, 2013 WL 2470259, at *6.

In this case, Petitioner claims that he received ineffective assistance of counsel because counsel did not communicate the government's plea offer to him. He also claims that, if his counsel had properly informed him of his sentencing range if he went to trial versus pleading guilty, he

5

would have plead guilty. In a situation where a defendant argues that his counsel gave him ineffective advice which led him to go to trial rather than plead guilty, the Supreme Court has stated that:

> "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385.

In the instant case, however, Petitioner is alleging counsel was ineffective for not informing him that he would eligible for relief under *Dorsey* even if he plead guilty. Petitioner alleges that, had counsel properly informed him that he would still be eligible for relief under *Dorsey* even if he had forgone trial and accepted the government's offer, he would have taken the plea.

First, it should be noted that the *Dorsey* opinion had not yet been issued by the time of the plea discussions between Petitioner and counsel. Taking as true all the facts argued by Petitioner in his motion, the discussions of whether or not Petitioner should accept the government's plea offer or proceed to trial would have occurred before March 25, 2011, which was Petitioner's acceptance of responsibility deadline. *Dorsey* was not decided by the U.S. Supreme Court until June 21, 2012. In fact, the Supreme Court did not even grant certiorari in *United States v. Fisher*, 635 F.3d 636 (7th

Cir. 2011)[1] until November 28, 2011. At the time of Petitioner and counsel's discussions on the plea, *Fisher* would have been the controlling law in the Seventh Circuit. Petitioner was charged with a drug offense before the November 3, 2010 effective date of the Fair Sentencing Act, but would be convicted and sentenced after the Act's effective date. *Fisher* held that a defendant in Petitioner's situation was not entitled to a sentence reduction under the Act. *Fisher*, 635 F.3d at 340. *Strickland* requires that scrutiny of counsel's performance be highly deferential and that "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, *and to evaluate the conduct from counsel's perspective at the time*." *Strickland*, 466 U.S. at 689 (emphasis added). At the time, the controlling law of the Seventh Circuit held that the Fair Sentencing Act would not apply to a defendant in Petitioner's circumstances and, despite Petitioner's argument, there was no guarantee that the Supreme Court would accept the case and overturn the Seventh Circuit's ruling.[2] The court will not find counsel's performance deficient for failure to anticipate a future legal development. See *Dell v. United States*, 710 F.3d 1267, 1281 (11th Cir. 2013); *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (finding that counsel's failure to raise an argument based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was considered "novel" at the time and was issued after the filing of counsel's appellate brief but before the filing

---

[1]*Fisher* is the Seventh Circuit opinion that was reversed by the Supreme Court in *Dorsey*. Anthony Fisher was the defendant-appellant whose case was joined with Edward Dorsey, Sr., in the Seventh Circuit Court of Appeals for purpose of their appeal. In the Supreme Court, however, Edward Dorsey was the lead petitioner, so the Supreme Court case is known as *Dorsey*.

[2]Indeed, a grant of certiorari was months away and when the Court did issue its opinion overruling *Fisher* the decision, at 5-4, was close.

of his reply brief, "did not render his performance constitutionally ineffective."). The court finds instructive a decision from the Eastern District of Missouri. The petitioner in a § 2255 motion claimed that his trial counsel was ineffective for failing to object to the sentencing court's treatment of the Sentencing Guidelines calculations as "presumptively reasonable." The sentencing occurred in 2006. The petitioner claimed his counsel should have objected under a U.S. Supreme Court case, *Rita v. United States*, 551 U.S. 338 (2007), that was issued a year later. The district court held that the petitioner's claim was without merit "because it is premised on the notion that his attorney should have raised an objection at the sentencing hearing based on a Supreme Court case that had not yet been decided" and that "it was not ineffective assistance for movant's counsel not to object when the Court would have been following binding Eighth Circuit precedent." *Hayes v. United States*, 2012 WL 718636, *11, 12 (E.D. Mo. March 6, 2012).

Similarly, in the instant case, it was not ineffective assistance of counsel for counsel to advise Petitioner that he may not be entitled to a reduction under the Fair Sentencing Act if he accepted the government's plea offer. Based on Petitioner's letter to counsel of June 17, 2013, attached as an exhibit to the Motion (#1, 2), counsel did communicate the government's plea offer to Petitioner. Petitioner claims that, if counsel had been able to advise him that he would be eligible for a sentence reduction under *Dorsey* (in which certiorari had not yet even been granted), even if he plead guilty, he would have accepted the government's offer. The court cannot find that counsel was ineffective for failure to base advice to Petitioner on a Supreme Court case that had not yet been decided.

Further, even if counsel had been aware that the Supreme Court would decide *Dorsey* in the manner the Court did, it was not unreasonable for counsel to be concerned that Petitioner would be in danger of waiving his right to a *Dorsey* reduction if he accepted the government's plea offer. The

8

plea agreements prepared and submitted to the court by the government almost always contain provisions in which defendants waive their rights to appeal and/or collaterally attack their convictions and sentence. The Seventh Circuit has routinely upheld such waivers and barred defendants from challenging their convictions or sentences due to the waivers contained in their plea agreements. *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008); *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005); *United States v. Hare*, 269 F.3d 859, 861-62 (7th Cir. 2001). By advising Petitioner to proceed to trial if Petitioner hoped to one day receive the benefit of a reduction under the Fair Sentencing Act, counsel was making a strategic decision he felt was in the best interests of his client based on counsel's knowledge of the facts and existing circuit law at the time. It would have been reasonable for counsel to believe that, under existing Seventh Circuit case law at the time of plea negotiations, if Petitioner plead guilty and waived his right to appeal or collaterally attack his sentence and did not include an "escape hatch"[3] based on future Supreme Court legal developments, Petitioner would waive any right to a future sentence reduction under *Dorsey*. See *United States v. McGraw*, 571 F.3d 624, 631 (7th Cir. 2009) (in rejecting a defendant's argument that his waiver of appeal was invalid because he did not anticipate subsequent legal developments, the court held "[b]y binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one[]" and that "[b]y entering into an appeal waiver that did not include an escape hatch*** [the defendant] relinquished his right to challenge his sentence based on intervening Supreme Court decisions."). Thus, under Seventh Circuit law as it existed at the time, it was not unreasonable for counsel to advise Petitioner that, if *Dorsey* was eventually decided in his favor, he

---

[3]There is no guarantee the government would offer such an "escape hatch." Indeed, it is this court's long experience in this district that the U.S. Attorney's Office for the Central District of Illinois does not offer such "escape hatches" in their plea agreements.

9

stood a greater chance of having it apply if he was convicted at trial as opposed to accepting a government plea agreement.

Counsel provided this advice more than a year before *Dorsey* was decided and counsel had no knowledge of what the Court's decision would be and whether it would be applicable to someone in Petitioner's situation who plead guilty and waived his right to attack his sentence. Therefore, the court cannot say that counsel's concern and advice to Petitioner rose to the level of objectively unreasonable representation contemplated by the Supreme Court in *Strickland*. Petitioner's motion must be DENIED on this ground.

*Petitioner's Second Ground: Counsel was Ineffective for Not Challenging the Court's Determination of His Sentence When the Court Based the Sentence on the Crime's Elements, and Not the Actual Evidence*

Petitioner next argues that his counsel was ineffective for failing to challenge the court's factoring in the elements of the crime, as opposed to the evidence behind the crime, in imposing sentence on remand. Specifically, Petitioner cites: "an enhanced drug quantity that remains inconsistent with the evidence introduced, a perception of a conspiracy without the components of conspiratory activity in existence" and enhancements for "various infractions" that were later dismissed or reduced to probation and occurred during Petitioner's youth. Petitioner argues that the two predicate offenses used to qualify him as a career offender "would not qualify a foundation to meet the 4B1.1 definition of a predicate offense." The government responds that the court is required to consider the factors set out in 18 U.S.C. § 3553(a) when imposing sentence, so it would have been unreasonable for defense counsel to object to the court's consideration of the § 3553(a) factors.

Petitioner's arguments are not exactly clear. However, from what the court can construe, Petitioner appears to be arguing that the court improperly enhanced his sentence by terming him a

career offender based on two of his prior convictions without actually examining the specific conduct behind those offenses. Instead, he argues, the court merely looked at the statutory nature of the offenses themselves, or their "elements." Petitioner argues his counsel was ineffective for failing to challenge the court on this ground. In support, Petitioner cites to the U.S. Supreme Court cases *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Descamps v. United States*, 133 S.Ct. 2276 (2013). These cases were decided on June 17, 2013 and June 20, 2013, respectively. Petitioner's two sentencings occurred July 8, 2011 and January 29, 2013. Counsel cannot be held to be ineffective for failing to challenge the court at sentencing based on U.S. Supreme Court decisions that had not yet been issued. See *Dell*, 710 F.3d at 1281 (court declined to find counsel ineffective for not making an argument based on *Kimbrough v. United States*, 552 U.S. 85 (2007) when *Kimbrough* had not yet been decided, even though a *Kimbrough*-type argument was available, holding "[w]e have never required counsel to anticipate future legal developments– such as the outcome of a pending Supreme Court case– in order to meet the constitutional minimum for effective advocacy, and we decline to do so here."). Therefore, Petitioner's motion is denied on this ground.

Further, even if those cases had come out by the time of Petitioner's sentencing, neither case would apply to provide Petitioner relief. In *Alleyne*, the Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," and it must be submitted to the jury. *Alleyne*, 1333 S.Ct. at 2155. However, Petitioner's arguments relate to his status as an armed career criminal based on prior convictions, and the Seventh Circuit has noted that:

> "*Alleyne*, however, did not change the rule announced in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the fact of a prior conviction need not be alleged in the indictment or proven to a jury beyond

11

a reasonable doubt. The Court explicitly stated in *Alleyne* that it was not revisiting its *Almendarez-Torres* decision because the parties had not raised it. 133 S.Ct. at 2160 n.1. Until the Supreme Court tells us otherwise, we will continue to apply *Almandarez-Torres*, and so we decline to set aside Boyce's sentence on this ground." *United States v. Boyce*, 742 F.3d 792, 799 (7th Cir. 2014).

Thus, *Alleyne* would provide no relief from Petitioner's qualification as a career offender and counsel was not objectively unreasonable for failing to make such an argument. Nor would *Descamps* provide relief. In *Descamps*, the Court held that, in determining whether a defendant was an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, courts may not apply the modified categorical approach to sentencing to determine whether a prior conviction is a crime of violence when the prior conviction has a single, indivisible set of elements. *Descamps*, 133 S.Ct. at 2281-82. Petitioner, however, was not convicted as an armed career criminal under § 924(e) or § 4B1.4, but rather was merely termed a career offender under § 4B1.1. Further, Petitioner's prior convictions were drug offenses, and thus no analysis under a categorical or modified categorical approach was required to determine whether the prior convictions were "crimes of violence." Thus, *Descamps* would not have applied. Counsel was not ineffective at sentencing and thus Petitioner's motion on this ground must be DENIED.

*Petitioner's Third Ground: Counsel was Ineffective for Foregoing Cross Examination Opportunities, Neglecting Witness Opportunities, and Allowing Key Testimony to Remain Unimpeached*

Petitioner argues that counsel was ineffective for failing to cross examine and impeach government witnesses and for failing to procure favorable testimony from defense witnesses. Specifically, Petitioner faults counsel for failing to "appropriately and effectively cross examine and

12

impeach the 'expert testimony' aspect of Witness Shannon Kizer [the government informant], and subsequently, permitted this witness to testify under the dual role of both 'expert' and 'lay' witness." Because the Champaign police were unsuccessful in producing actual drug, weapon, or currency evidence, Petitioner agues "there existed a reliance upon the 'lay' aspect of the testimony in determining transactionary confirmation" and that counsel should have challenged the informant's status as an "expert." Petitioner also argues that counsel should have called as a witness Candis Williams, who he believed could have impeached the government's informant and provided proof that, at the time of the informant's supposed transactions with Petitioner the informant was deterred to a vehicle owned by Williams "where an opportunity for a myriad of alternate circumstances may have been introduced by counsel to show that this informant may have redefined the conditionals associated with a transaction" which would have given the jury reasonable doubt. The government responds that Petitioner has not provided specifics on his witnesses or whether counsel was aware of his witnesses. The government also argues that trial counsel engaged in a lengthy cross examination of Kizer and attempted to impeach Kizer and call his credibility into question.

As noted above, to prove ineffective assistance of counsel Petitioner must show that his counsel's performance was both deficient and that the deficiency resulted in prejudice. See *Strickland*, 466 U.S. at 687. Petitioner must show that his counsel's performance fell below an objective standard of reasonableness and thus, review of counsel's actions is highly deferential and the court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See *Strickland*, 466 U.S. at 688-89.

First, with regard to his counsel's failure to put Candis Williams on the stand, it should be noted that the Constitution does not oblige defense counsel to present each and every witness that is suggested to him. *United States v. Berg*, 714 F.3d 490, 499 (7th Cir. 2013). Rather, the Constitution

simply obliges counsel to investigate the various lines of defense in a given case and, if counsel has investigated witnesses and consciously decided not to call them, the decision is probably strategic. *Berg*, 714 F.3d at 499. As a result, counsel's decision to call or not call a witness is generally not subject to review. *Berg*, 714 F.3d at 499.

In the instant case, Petitioner has not provided any specific information as to how Candis Williams would have helped his case. He has not stated definitively that Candis Williams was in the car to which Kizer was supposedly diverted during one of the controlled buys. He also provides nothing but speculation as to what happened at the car to which the informant was allegedly diverted. Further, there were three separate days of controlled buys charged in three separate counts of the indictment. Petitioner has not said which day included the alleged diversion. Petitioner has not pointed to a specific moment in the record of the case where this supposed diversion occurred where "any myriad of alternate circumstances" may have been introduced by counsel to impeach the informant. "'Judges are not like pigs, hunting for truffles buried in [the record]'". *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010), quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Petitioner has not met his burden to overcome the court's highly deferential review of counsel's actions and the strong presumption of this court that counsel's conduct fell within the wide range of reasonable professional assistance. See *Strickland*, 466 U.S. at 688-89.

Even if Petitioner were able to show counsel's performance was deficient, he has not demonstrated prejudice. As noted above, Petitioner was charged with three separate drug transactions on three separate days. He has not identified on which day the supposed diversion to Williams's vehicle occurred. Even if Petitioner could specifically identify the day on which the diversion occurred, it would likely not have undermined confidence the outcome of the trial and thus, the result of the proceeding would not have been different. The Seventh Circuit, on direct review, found that

the evidence against Petitioner was strong. *Jackson*, 491 Fed.Appx. at 740 (noting that any error on the court's part to permit Kizer to testify on certain subjects "was harmless given the strength of the evidence in the case" against Petitioner). Petitioner cannot demonstrate any prejudice sufficient to satisfy the *Strickland* standard due to counsel's failure to present Candis Williams as a witness.

Nor was counsel ineffective in his treatment of informant witness Kizer. The court agrees with the government's assertion that defense counsel engaged in a lengthy cross examination of Kizer and attempted to impeach Kizer's testimony. Defense counsel cross examined Kizer about his lengthy criminal history and charges that he had pending at the time of his actions as an informant against Petitioner. Kizer was also cross examined about his actions during the controlled buys. To the extent Petitioner argues counsel was ineffective for not challenging Kizer's "expert" status, the Seventh Circuit has already determined that Kizer need not be "qualified as an expert to explain his own understanding of his own words" and noted that Kizer's testimony on such subjects was not extensive. *Jackson*, 491 Fed.Appx. at 740. Kizer had certainly been involved in drug transactions in the past and could testify as to his experiences and observations and the meaning of certain words and phrases. Any failure of defense counsel to cross examine Kizer on those issues does not rise to the level of ineffectiveness contemplated by *Strickland*, as defense counsel thoroughly cross examined Kizer on other relevant matters and the evidence against Petitioner, as noted by the Seventh Circuit, was very strong. Therefore, as counsel was not ineffective in his presentation of witnesses or cross examination of Kizer, Petitioner's motion must be DENIED on this ground.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case (COA). A district court may issue a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Barefoot v. Estelle*, 463 U.S. 880 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2), the Supreme Court set forth the methodology to be used in evaluating a request for a COA. A petitioner need not demonstrate that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason, that the court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Barefoot*, 463 U.S. at 893, n. 4. The court believes that Petitioner has not demonstrated that the issues raised are debatable among jurists of reason. The court would not resolve the issues in a different manner nor does it believe the questions are adequate to deserve encouragement to proceed further. Petitioner has not made a substantial showing of the denial of a constitutional right. A COA is DENIED in this case. IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1, 2) is DENIED. A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 16th day of April, 2014.

s/ MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE